**JONES v. HOLLEY.**

No. 14931.

Court of Appeal of Louisiana. Orleans.

Oct. 15, 1934.

Blasi & Sehrt, of New Orleans, for appellant.

St. Clair Adams and St. Clair Adams, Jr., both of New Orleans, for appellee.

Gill & Simon, of New Orleans, amicus curiæ.

JANVIER, Judge.

George Jones received personal injuries when an automobile truck, on which he was riding as a guest passenger, came into collision with another truck belonging to defendant, Lynn Holley, which, at the time, was being driven by an employee within the course and scope of his employment.

Jones contends that the accident resulted from the negligence of the driver of Holley's truck, or that, at least, his negligence was a contributing factor and thus renders his employer liable.

The accident took place at night on the highway leading from New Orleans to Slidell and at a point near a small settlement known as "Green's Ditch."

The truck on which Jones was riding we shall refer to as the Asita truck, since it was owned by the "Asita Springs Water Company," and the other truck we shall designate as the Dixie truck, because its owner operates his hauling business under the name "Dixie Transfer Company."

As the Asita truck was proceeding towards Slidell, its driver suddenly realized that ahead of him there was a disabled Chevrolet automobile which was headed also in the direction of Slidell and which was standing very close to the righthand edge of the road. About twenty feet ahead of the Chevrolet there was a stationary truck also facing towards Slidell and also standing near the edge of the highway.

There is no doubt that the headlights of the parked truck were burning, though it is contended by plaintiff that there was no illumination on the Chevrolet.

As McClain, the driver of the Asita truck, realized the presence of the stationary Chevrolet and the stationary truck in the roadway ahead of him, and on the side intended for vehicles going in the direction in which he was proceeding, he swerved to his left in an effort to pass around those vehicles, and, while on the left side of the road, or at least partially

on that side, his truck came into contact with the Dixie truck going in the opposite direction.

It is charged that the Dixie truck was being operated at an excessive rate of speed and that its driver, instead of turning as far as possible to the right to enable the Asita truck to pass in safety, held steadfastly to his course and thus rendered a crash inevitable.

Defendant, on the other hand, asserts that the Asita truck swerved suddenly across the road from behind the stationary vehicles and dashed headlong towards the on-coming Dixie truck; that the driver of the latter turned as far to his right as possible and stopped the truck with the right wheels off the pavement and on the shoulder of the road; and that, while it was in this position, the Asita truck crashed into it and then came to a stop as a result of the impact and also because it (the Asita truck) was so damaged that it could proceed no further.

In the district court there was a finding of fact entirely in accord with the contention of defendant and, as a result, there was judgment dismissing plaintiff's suit.

The evidence overwhelms plaintiff's contention and proves beyond all doubt that the driver of the Dixie truck did all that he could to avoid the on-coming Asita truck, and that the driver of the latter, on the contrary, paid no attention to what was ahead of him and did not even know that the Dixie truck was approaching, although it was equipped with bright headlights and although there was no underbrush or other obstruction to the view.

Counsel for plaintiff seeks to excuse the failure of McClain to observe the approaching headlights, contending that a curve in the roadway ahead made impossible a view of the said lights. But there was no obstruction at the curve, the surrounding country was level for miles in all directions, and there was no possible excuse for McClain's failure to see. It was due entirely to his carelessness.

The driver of the Dixie truck, on the other hand, was on the correct side of the roadway and, because of the bright headlights of the parked truck, and possibly because of those of the Chevrolet, which two vehicles were facing him, no doubt did not realize that another vehicle, the Asita truck, was approaching. But if he did notice it there was no reason for him to anticipate that the said truck would leave its proper side of the road and emerge into the pathway of a brightly illuminated truck going in the opposite direction.

The contention of plaintiff that the Dixie truck proceeded some three hundred feet after the collision, and the argument that this proves that its speed, at the time of the impact, was excessive, are both annihilated by the abundant evidence which plainly shows that the truck was stopped at the very point of the collision and was moved some hundred feet or so only when, later on, a traffic officer, in order to clear the roadway for other traffic, instructed defendant's driver to move the truck out of the way.

The testimony of McClain and of his wife is contradicted by that of the other witnesses and is entirely at variance with statements which they gave to police officers very shortly after the accident. In these statements each admitted that the truck, on which Jones was riding, and which was operated by McClain, had suddenly swerved from its proper side to the other side of the roadway and had run into the other truck.

Since the accident was attributable solely to the fault of the driver of the Asita truck, there is no liability in defendant.

The judgment appealed from is affirmed.

Affirmed.